

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,754-01

### EX PARTE DAVID WAYNE DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 24,987 IN THE 1-A DISTRICT COURT FROM TYLER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of online solicitation of a minor and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends that his conviction must be set aside because the statute of conviction has been declared unconstitutional. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the

appropriate case, the trial court may rely on its personal recollection. *Id*. If necessary, the Court may determine that a response from trial counsel is necessary to resolve this case.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that he was convicted of committing an offense under Section 33.021(b) of the Penal Code. The court shall make specific findings determining which statute authorized the charge and conviction in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish